IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONIKA JONES, Individually,<br><br>Plaintiff,<br><br>v.<br><br>THE FEDERAL SAVINGS BANK and JOHN T. CALK,<br><br>Defendants. | Case No. 1:23-cv-01996 |

## COMPLAINT

The Plaintiff, Monika Jones, by and through her undersigned counsel, as and for her Complaint against the Defendants, The Federal Savings Bank, John T. Calk, ("Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.* to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. §1331.

3. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

### PARTIES

4. Plaintiff Monika Jones ("Jones") is a resident of Hamilton County, Indiana.

5. Jones was employed by Defendants as a loan originator from on or about January 2021 to September 2022.

1

6. Upon information and belief, the Defendant, The Federal Savings Bank ("FSB"), is a Federally Chartered bank with additional branches in Kansas and loan production offices in Illinois, New York, Arizona, Colorado, Maryland, New Jersey, Nevada, Texas, Ohio, and Virginia.

7. At all relevant times, Defendant John T. Calk was and still is a corporate officer of FSB. Upon information and belief, at all times relevant, John T. Calk exercised operational control over FSB, controlled significant business functions of FSB, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of FSB in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, John T. Calk has been an employer under the FLSA.

## FACTS

8. Upon information and belief, FSB employs loan originators in Illinois at its headquarters located at 400 Diversy Avenue, Chicago, Illinois 60639.

9. Plaintiff's primary job duty has always been to originate mortgage loans for the Defendants.

10. Plaintiff's duties primarily include dealing with potential borrowers by telephone and email transmissions.

11. During her employment, Jones performed her primary duties for the defendants from her home office in Fishers, Indiana.

12. During her employment, Jones worked for the defendants' headquarters, located at 400 Diversy Avenue, Chicago, Illinois 60639.

13. During her employment, Jones worked 7 days a week.

14. During her employment, Jones generally worked 10 hours or more every Monday through Friday, with additional hours on the weekend.

15. The Defendants paid Plaintiff an hourly wage as a draw. In addition, Defendants paid Plaintiff commissions.

16. The Defendants only paid Plaintiff for commissions when a loan that she worked on closed and funded.

17. The Defendants have not paid Plaintiff overtime compensation.

18. The Defendants have not paid Plaintiff time and a half her regular rate of pay when she worked more than 40 hours each week.

19. Plaintiff was required to work off-the-clock during the week and on the weekend.

20. Defendants managed Plaintiff's employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

21. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights. Plaintiff has been damaged by such failures.

22. Defendants' failure to pay the Plaintiff overtime compensation when she worked in excess of 40 hours per week has violated the FLSA.

23. As a result of these unlawful practices, the Plaintiff suffered a loss of wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

24. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

25. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

26. The corporate Defendants were and are subject to the overtime pay requirements of the FLSA because said Defendants are an enterprise engaged in commerce or in the production of goods for commerce.

27. Upon information and belief, the gross annual volume of sales made or business done by the corporate defendants for the years 2011, 2012, and 2013 was not less than $500,000.00.

28. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

29. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

30. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

31. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Plaintiff because Defendants have not met the requirements for coverage under the exemptions.

32. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

33. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Stephan Zouras, LLP, Neil H. Greenberg & Associates, P.C., and Erik Langeland, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated the overtime provisions of the FLSA;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Awarding liquidated damages to Plaintiff;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA; and

E. Provide such further relief as the Court deems just and equitable.

Dated: March 29, 2023            Respectfully Submitted,

*/s/ James B. Zouras*
James B. Zouras
Ryan F. Stephan
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com

Erik H. Langeland
*Pro Hac Vice* Pending
733 Third Avenue, 16 Floor
New York, NY 10017
(212) 354-6270
(646) 650-2782 fax
elangeland@langelandlaw.com

## **CERTIFICATE OF SERVICE**

    I, the attorney, hereby certify that on March 29, 2023, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

*/s/ James B. Zouras*
